IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 17-cv-02318-RBJ-CBS

Cidney Fisk,

    Plaintiff,

v.

Delta County Joint School District No. 50,
Board of Education of the Delta County School District No. 50,
Superintendent of the Delta County Joint School District No. 50,
~~Delta County High School,~~
Principle of the Delta County High School,
Caryn Webb Gibson, individually,
Derek Mason Carlson, individually,
Shawna Magtutu, individually and as a guidance counselor at the Delta High School,
Holly Teyler-Crowder, individually and as a guidance counselor at the Delta High School, and
John Miller, individually and as a teacher at the Delta High School,

    Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Fed. R.Civ. P. 16(b) scheduling and planning conference was held on January 9, 2018, at 9:30 a..m. It was attended by:

Andrew B. Reid, Esq. *+ Jeffrey Springer*
Springer and Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
Tel.: (303) 861-2800
E-Mail: areid@springersteinberg.com

Attorney for Plaintiff

Alice Powers, Esq.
Lewis Brisbois Bisgaard & Smith LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Tel: (720) 292-2028
E-Mail: Alice.Powers@lewisbrisbois.com

Attorney for Defendants

## 2. STATEMENT OF JURISDICTION

Plaintiff claims that jurisdiction for the First, Second, Third, Fourth, and Fifth causes of action is conferred pursuant to 42 U.S.C. §§ 1331, 1343, 1983, and 1988. Plaintiff claims that the jurisdiction for the Sixth Cause of Action is pendent jurisdiction of the Court, pursuant to 28 U.S.C. § 1367.

Defendants do not currently raise any dispute as to the jurisdiction this Court has over Plaintiff's causes of action, but reserve the right to challenge jurisdiction in the event the facts and evidence indicate that Plaintiff's claims are inaccurate or that the Court's discretionary pendent jurisdiction over the Sixth Cause of Action is unwarranted by the applicable standards.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff(s):

Plaintiff Cidney Fisk is a former student of the Defendant Delta County Joint School District No. 50 and its middle and high schools. While at Delta High School, she excelled as a student with a senior year GPA of 4.1 and excellent scores on her college entrance exam. She was student body treasurer, staff reporter for the High School magazine, active in Future Business Leaders of America, founder of the first Young Democrats Club, captain of her high school's speech and debate team, winning state and national debate competitions, and active in community service through UNICEF and Junior Kiwanis.

Plaintiff Fisk was also very outspoken. At school, she openly challenged the spending priorities of High School, which put athletics over scholarship, challenged the Colorado

"Personhood" Amendment initiative, and as an openly declared atheist challenged the apparent institutionalization and promotion of certain religious views within the District and at the Middle School and High School. Specifically, Plaintiff Fisk spoke out publicly against the distribution of Bibles by the Gideons to students at the Middle School on school grounds and during school hours and challenged the overtly Christian theme and nature of the presentations of outside speakers invited by the District and the officials and teachers at the High School on sex education and on drug education. Plaintiff Fisk received anonymous death threats on social media in response to her public speech. She and her parents reported this to District and High School but no action was taken by the Defendants.

On the weekends, the High School cafeteria was used for religious services by a local Church of which one or more teachers were members. Another teacher held Bible study classes before school as part of a school club he founded. Teachers at the High School openly expressed at the School and in class their religious beliefs and affiliations.

During her senior year and in response to Plaintiff's outspokenness, school officials and teachers, including the above-named individual defendants, called Plaintiff and her parents in for meeting wherein they criticized her "attitude" and values and threatened her with sanctions as to her position in student government and her grant opportunities for college. Plaintiff's government teacher, Defendant Miller, changed her grade from a 98 (excellent) to a 70 (failing). In a subsequent meeting with Plaintiff Fisk and her parents, Defendants Miller and High School Principal Carlson provided the reason for her decline in grades as because of Plaintiff's "questioning of authority," particularly religious authority and that if she wanted her grades to go up, she should "shut up" and "fake it until she makes it." On graduation, Defendant Carlson also barred Plaintiff Fisk from making a graduation speech which was the School's tradition for

officers of the Student Council. On information and belief, Ms. Fisk qualified for but was not nominated by the School for membership in the National Honor Society. On information and belief, the School's counselors followed through with their threat and either failed to provide the recommendations, or provided very detrimental recommendations, required for Plaintiff Fisk's eligibility for scholarships and acceptance into certain colleges or universities resulting in her loss of those scholarships and educational and life opportunities.

In addition to the lost scholarship and educational, life, and future work and employment opportunities and increased income, Plaintiff Fisk suffered several anxiety attacks that required hospitalization, medication, and psychological counseling. She suffered the denial and violations of her state and federal constitutional rights, great embarrassment and humiliation, fear from threats upon her life and well-being, great and prolonged stress and anxiety and other psychological pain and distress, depression, and lost enjoyment of life, and the attendant past, current, and future expenses for medical and psychological treatment. Plaintiff Fisk seeks compensatory, consequential, and exemplary damages as well as her attorney fees and costs with interest.

Plaintiff Fisk asserts separate causes of action under 42 U.S.C. § 1983 for violations of her constitutional rights to freedom from the establishment of religion, to freedom of the exercise of religion, to freedom of speech, and to equal protection based on religious beliefs. Plaintiff asserts a *Monell* claim against the governmental entity Defendants challenging the institutionalization of certain religious beliefs by the District and at its schools. Plaintiff Fisk further asserts a pendant claim directly under the Colorado constitution for violations of certain natural, essential, and inalienable rights secured to her by the constitution.

  b. Defendant(s):

Defendants collectively deny that they violated the Establishment Clause of the U.S. Constitution, Plaintiff's free exercise of religion, Plaintiff's freedom of speech, or Plaintiff's equal protection under the law – either in an organizational, official, or personal capacity. Defendants assert that any alleged damages, if any, were the direct result of Plaintiff's own actions and not the result of any action taken by Defendants in any capacity. Defendants also assert that Plaintiff failed to follow important prerequisites to filing suit, including the provision of notice, in that Plaintiff did not provide any Defendants with written notice that contained: the name and address of the claimant; a concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of; the name and address of any public employee involved; a concise statement of the nature and the extent of the injury claimed to have been suffered; and a statement of the amount of monetary damages that is being requested.

  c. Other Parties: None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff Cidney Fisk is a former student of Delta County Joint School District No. 50.

2. Delta County Joint School District No. 50 is a governmental entity.

3. The Delta County School Board is the governing body for the Delta County Joint School District No. 50.

4. At all relevant times, Defendant Caryn Webb Gibson was employed as the Superintendent of the Delta County Joint School District No. 50 and at all relevant times acted in her official capacity and pursuant to the responsibilities and duties assigned to her by the Delta

4847-7289-3528.6  5

County Joint School District No. 50 Board.

5. At all relevant times, Delta County Joint School District No. 50 employed Derek Mason Carlson as Principal, and at all relevant times Derek Mason Carlson acted in his official capacity and pursuant to the responsibilities and duties assigned to him by the Delta County Joint School District No. 50 Board and his supervisors.

6. At all relevant times, Delta County Joint School District No. 50 employed Shawna Magtutu as a Guidance Counselor, and at all relevant times Shawna Magtutu acted in her official capacity and pursuant to the responsibilities and duties assigned to her by the Delta County Joint School District No. 50 Board and her supervisors.

7. At all relevant times, Delta County Joint School District No. 50 employed Holly Teyler-Crowder as a Guidance Counselor, and at all relevant times Holly Teyler-Crowder acted in her official capacity and pursuant to the responsibilities and duties assigned to her by the Delta County Joint School District No. 50 Board and her supervisors.

8. At all relevant times, Delta County Joint School District No. 50 employed John Miller as a teacher, and at all relevant times John Miller acted in his official capacity and pursuant to the responsibilities and duties assigned to him by the Delta County Joint School District No. 50 Board and his supervisors.

9. Cidney Fisk had a GPA of 4.1 during her senior year.

10. Cidney Fisk was the student body treasurer in school year 2015-2016.

11. Cidney Fisk was the captain of Delta High School's speech and debate team.

12. Cidney Fisk placed 6th in the category of Impromptu Speaking at the FBLA's 2015 National Leadership Conference in Chicago, Illinois.

13. Cidney Fisk was a staff reporter for a student magazine called the Delta Paw Print.

14. Cidney Fisk was a member of the Young Democrats Club.

15. There is a group called the Fellowship of Christian Athletes in which students at Delta High School may join voluntarily.

16. The Delta County Joint School District No. 50's Board of Directors are elected officials.

17. Cidney Fisk was part of the editorial board and contributed as an author for an issue of the Delta Paw Print related to religion.

18. At Delta High School, sophomores, juniors, and seniors are eligible for membership in the National Honor Society if they carry a minimum GPA of 3.33, with final selection based on the four qualifications of character, service, leadership, and scholarship.

19. Cidney Fisk applied for Delta High School's National Honor Society her sophomore year.

20. The common application for college admissions requires the review of a school counselor.

## 5. COMPUTATION OF DAMAGES

Plaintiff claims declaratory relief and injunctive relief, as appropriate equitable relief; economic losses on all claims as allowed by law; compensatory and consequential damages, including but not limited to damages for emotional distress, loss of reputation, humiliation, loss enjoyment of life, and other pain and suffering on all claims; punitive damages on all federal claims allowed by law; attorneys' fees and the costs associated with this action on all claims allowed by law; pre- and post- judgment interest at the lawful rate; and any and further relief that the court deems just and proper, and any other relief as allowed by law.

A more precise computation of Plaintiff's damages, to the extent Plaintiffs' damages are

subject to such computation, will be provided during the normal course of discovery, and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter. Damages for emotional distress are not susceptible to the type of calculation contemplated by Rule 26(a)(1). *See, Williams v. Trader Pub. Co.*, 218 F.3d 481, 487 n. 3 (5th Cir. 2000). Punitive damages are sought based upon the egregious nature of the conduct of the Defendants as set forth in the complaint and the need to restrain such conduct in the future. Calculation of these damages and entitlements is premature and not susceptible to the type of calculation contemplated by Rule 26(a)(1). *See, Burrell v. Crown Cent. Petro.*, 177 F.R.D. 376, 386 (D.Tex. 1997).

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. December 26, 2017.

b. Names of each participant and party he/she represented.

Andrew Reid, counsel for Plaintiff; Alice Conway Powers, counsel for Defendants.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) disclosures will be made on January 16, 2018, which is 21 days after the parties' Rule 26(f) conference.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

One week of additional time.

e. Statement concerning any agreements to conduct informal discovery:

At present, the Parties have agreed to the following informal discovery in addition to that required by Fed. R. Civ. P. 26(a)(1):

**PLAINTIFF:**

1. Provide copies of all college and scholarship applications submitted by Plaintiff and the communications received by Plaintiff in response to the submitted applications that are in her possession or control

2. Provide any and all medical records related to diagnosis and treatments related to the claimed damages in the Complaint that are in her possession or control.

3. Provide all communications that Plaintiff possesses to, from, or related to Defendants that are in her possession or control.

**DEFENDANTS:**

1. Facilities use policies for Delta High School.

2. Applications and acceptances for the use of the Delta High School campus during the 2015-16 academic school year.

3. Any agreements or documents related to speakers brought in to speak at Delta High School in school year 2015 – 2016, including the funding source for such speakers.

4. Provide all communications that Defendants possess to, from, or related to Plaintiff that are in any of their possession or control.

5. Provide all records related to Plaintiff that are in any of their possession or control.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to use a Bates Number system for the production of all documents. Plaintiff agrees to use PFisk000000 as its numbering system and Defendants agree to use the letter D, followed by the

Defendant's name (abbreviated, if necessary), and then the number of the document.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties do not believe this case will present much electronic discovery outside of email and electronic communications and possible Internet websites and pages associated with same..

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed possible resolution and information and materials both will need to assess a possible settlement, including information to be exchanged during informal discovery.

### 7. CONSENT

The Parties do not consent to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The Parties do not believe any modifications to the presumptive number of depositions per side is necessary and propose a limitation of 30 interrogatories per side.

    b.    Limitations which any party proposes on the length of depositions.

The Parties do not wish to place any restrictions outside of the Federal Rules of Civil Procedure for the length of depositions. [handwritten: 4 hours (move for ∏)]

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

The Parties agree that they will have a limitation of 30 requests for production and 30

requests for admission per side.

    d.    Other Planning or Discovery Orders

The Parties stipulate to the voluntary dismissal of Delta County High School as a separately-named party to this litigation.

## 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

February 20, 2018.

    b.    Discovery Cut-off:

August 1, 2018.

    c.    Dispositive Motion Deadline:

September 5, 2018.

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any.

PLAINTIFF: (1) medical injuries; (2) psychological injuries; (3) economic injuries; (4) school administration; and (5) college admissions & scholarships.

DEFENDANTS: (1) Damages; (2) College admissions & scholarships; (3) ~~Constitutional~~ Law; (4) Medical Injuries including psychological injuries; and (5) School administration.

        2.    Limitations which the parties propose on the use or number of expert witnesses. ~~Five (5)~~ 3 per side.

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June

4847-7289-3528.6

11

18, 2018.

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 18, 2018.

e.    Identification of Persons to Be Deposed:

PLAINTIFF:

1. Each of the Defendants.
2. Parents of Cidney Fisk.
3. Robert Ames.
4. Dan Dunham.



5. Renee Cronenberg.
6. Tonya MacKendrick.
7. Kelly Johnson.
8. Shelly Donahue.
9. Chad Williams.
10. Any and all people identified in Defendants' discovery responses.

DEFENDANT:

1. Cidney Fisk.
2. Parents of Cidney Fisk. 
3. Any and all people identified in Plaintiff's initial disclosures and discovery responses.

f.    Deadline for Interrogatories:

Served on or before July 2, 2018.

g. Deadline for Requests for Production of Documents and/or Admissions

Served on or before July 2, 2018.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on 12/19/18 at o'clock 9:00 m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None at this time.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate the length of trial to be five (5) days; Plaintiff has requested a jury trial. 1/7/19 in Grand Junction

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

The Parties would like to work with the Court to facilitate matters for the Court, the Parties, and witnesses, given logistical considerations, including the individual Defendant's residences in Delta, Colorado.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only by a showing of good cause.

DATED at Denver, Colorado, this __9__ day of __JAN__ 2018.

BY THE COURT:

_____
United States District Judge

APPROVED:

| | |
|---|---|
| By: s/*Andrew B. Reid* | By: s/*Alice Conway Powers* |
| Andrew B. Reid, Atty. Reg. No. 25116 | Alice Conway Powers, Atty. Reg. No.: 47098 |
| Jeffrey A. Springer, Atty. Reg. No. 6793 | Jon J. Olafson, Atty. Reg. No.: 43504 |
| Springer and Steinberg, P.C. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 1600 Broadway, Suite 1200 | 1700 Lincoln Street, Suite 4000 |
| Denver, CO 80202 | Denver, Colorado 80203 |
| Phone: (303) 861-2800 | Phone: (303) 861-7760 |
| Fax: (303) 832-7116 | Fax: (303) 861-7767 |
| Email: jspringer@springersteinberg.com | Email: Alice.Powers@lewisbrisbois.com |
| Email: areid@springersteinberg.com | Email: Jon.Olafson@lewisbrisbois.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |